674 April 16, 2025 No. 329

IN THE COURT OF APPEALS OF THE
STATE OF OREGON

CITY OF PORTLAND,
*Plaintiff-Respondent,*

*v.*

ABDULLAHI SAID ALI,
aka Abdullahi Ali,
*Defendant-Appellant.*

Multnomah County Circuit Court
21CR33362; A181186

Monica M. Herranz, Judge pro tempore.

Submitted March 18, 2025.

Erik Blumenthal, Deputy Public Defender, filed the briefs for appellant. Also on the briefs was Ernest G. Lannet, Chief Defender, Criminal Appellate Section, Oregon Public Defense Commission.

Fallon Niedrist de Guzman, Deputy City Attorney, Office of the City Attorney, City of Portland, filed the brief for respondent.

Before Ortega, Presiding Judge, Lagesen, Chief Judge, and Hellman, Judge.

LAGESEN, C. J.

Affirmed.

**LAGESEN, C. J.**

Defendant appeals a judgment of conviction, pursuant to a stipulated facts trial, for possession of a loaded firearm in public, in violation of Portland City Code (PCC) 14A.60.010(A). He assigns error to the trial court's denial of his motion to dismiss, or, in the alternative, demurrer to Count 1. In that motion, he asserted that the charging instrument failed to state an offense or otherwise should be dismissed. That was so, according to defendant, either because PCC 14A.60.010(A) is facially unconstitutional under the Second Amendment to the United States Constitution, as incorporated against the states via the Fourteenth Amendment, or, instead, because PCC 14A.60.010(A) is unconstitutional as applied to defendant. On appeal, defendant contends that the trial court erred when it denied the motion to dismiss/demurrer based on his facial challenge and, alternatively, that the trial court erred when it denied the motion to dismiss/demurrer based on his as-applied challenge.

We affirm. Defendant's facial challenge fails under our recent cases, *City of Portland v. Sottile*, 336 Or App 741, 561 P3d 1159 (2024), and *State v. Vinge*, 337 Or App 621, 564 P3d 621 (2025), and, accordingly, the trial court properly rejected it.

Defendant's as-applied challenge also fails. To the extent that he raised the issue by way of a demurrer, the trial court correctly rejected it because it rested on facts outside the charging instrument and, consequently, could not be raised by demurrer. *State v. Worthington*, 251 Or App 110, 116-17 & n 3, 282 P3d 24 (2012) (explaining that a demurrer is not an appropriate way to raise an as-applied constitutional challenge where the defendant relies on facts extrinsic to the charging instrument).

As for the propriety of raising an as-applied constitutional challenge by way of a motion to dismiss, we left that procedural question open in *State v. Barrett*, have yet to resolve it, and need not resolve it here. 302 Or App 23, 30, 460 P3d 93, *rev den*, 366 Or 731 (2020) (en banc) (assuming without deciding that a fact-based, as-applied constitutional

challenge can be raised via a pretrial motion to dismiss). That is because, as was true in *Barrett*, the factual record that defendant created in support of his motion is inadequate to permit a meaningful evaluation of his claim. *See id*. ("We begin and end with the recognition that, with her pretrial motion, defendant did not develop a factual record that was sufficient to permit the court to determine whether conviction of defendant" would violate the constitution as applied to her.).

Defendant's only evidence in support of his contention that PCC 14A.60.010(A), as applied to him, would impermissibly burden the individual Second Amendment right to carry a firearm recognized by the United States Supreme Court is a hospital report indicating that, approximately six months before the events giving rise to the charge, defendant was treated for a gunshot wound. The report indicates that defendant was "a level [one] trauma transfer direct to OR for evaluation and management of injuries sustained during a [gunshot wound] prior to arrival. The exact circumstances leading up to the patient's injuries are unknown." From that evidence alone, defendant suggests that it can be inferred that the Second Amendment safeguards for self-defense preclude the enforcement of PCC 14A.60.010(A) against him. But the fact that defendant sustained a gunshot wound six months earlier, absent additional evidence of the circumstances of the incident or as to why defendant was carrying a firearm in a manner that contravened PCC 14A.60.010(A) six months after his injury, does not permit a reasonable inference that PCC 14A.60.010(A) poses a constitutionally impermissible impediment to defendant's ability to carry a firearm for purposes of self-defense.

Affirmed.